# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES B. OUTCALT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-422-FHS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff James B. Outcalt (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on March 28, 1985 and was 26 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as a fast food cook, a detassler in a detassler company, and a laborer at a vineyard.

3

Claimant alleges an inability to work beginning October 11, 2007 due to limitations resulting from bipolar disorder, depression, anxiety, and post-traumatic stress disorder ("PTSD").

## Procedural History

On April 8, 2008, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. This case was previously remanded after the ALJ's adverse decision due to the inability of Defendant to locate the recording of the administrative hearing. On May 17, 2011, an administrative hearing was held before ALJ Michael Kirkpatrick in Poteau, Oklahoma. On July 19, 2011, the ALJ issued an unfavorable decision on Claimant's application. The decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step two of the sequential evaluation. He determined that Claimant's medically determinable impairments did not significantly limit Claimant's ability to perform basic work-related activities for 12 consecutive months and, therefore, he did not suffer from severe impairments.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in reaching his conclusions of no severe impairment at step two of the sequential evaluation. Claimant also alleges the ALJ was not impartial and was, in fact, biased against Claimant in reaching his decision.

**Step Two Analysis**

Claimant contends the ALJ should have determined that his impairments were severe. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

The burden of showing a severe impairment is "de minimis," yet the presence of a medical condition alone is not sufficient at step two. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997); Soc. Sec. R. 85-28. A claimant must demonstrate he has a severe

impairment that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D).

A claimant's testimony alone is insufficient to establish a severe impairment. The requirements clearly provide:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C.A. § 423(d)(5)(A).

The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1).

The medical evidence will govern whether Claimant has met his burden of showing a severe impairment. On February 25, 2010, a

6

Medical Source Statement of Ability to Do Work-Related Activities (Mental) was completed by Dr. Mark Rogow. Dr. Rogow found Claimant was markedly limited in the areas of the ability to understand and remember detailed instructions and the ability to carry out detailed instructions. Claimant was moderately limited in 14 of the 18 categories of activities on the form. (Tr. 377-78). Dr. Rogow wrote on the form that "[a]ll consistent with bipolar disorder with OCC disassociation from reality." (Tr. 378). He also noted that "patient unable to focus or concentrate for any length of time because of racing thoughts and disassociation from reality. Mood swings with depression, rare hyper elation, anger and anxiety - danger of outbursts - sometimes punches walls, yelling, sometimes hits self. Patient referred to psychiatrist." (Tr. 379).

Records indicate Claimant routinely reported depression and problems with socialization, anger, and irritability. (Tr. 309-10, 328-29, 381, 388-97). On March 9, 2006, Claimant was evaluated by Dr. William R. Stone. Dr. Stone found Claimant met the criteria for a diagnosis of Antisocial Personality Disorder. He concluded that Claimant was psychologically capable of performing basic living tasks and had minimally adequate social contacts, had a history of recurrent episodes, was able to sustain concentration and attention, was capable of understanding and remembering short and simple instructions and was psychologically capable of relating appropriately to coworkers and supervisors should he decide to do

so, had interpersonal difficulties relating to his personality disorder, and was capable of adapting to ordinary day to day changes in his environment and was capable of managing his own funds. (Tr. 375).

Claimant testified that he gets frustrated, argues with people because he is slower than they are, yells at people, has difficulty learning, makes mistakes on the job, gets angry, and experiences unexplained physical pain. (Tr. 25-38). While the ALJ discussed the presence of this evidence in the record, he did not explain his basis for finding that Claimant's mental condition did not meet the "de minimus" standard for demonstrating an impairment to his ability to engage in work-related activities. Clearly, Dr. Rogow's opinion alone should indicate Claimant's condition meets this standard to warrant further examination of the extent of limitation under the other steps of the sequential evaluation. On remand, the ALJ shall re-evaluate his step two findings with regard to finding a severe impairment.

### ALJ Bias and Impartiality

Claimant alleges two areas in particular where the ALJ showed unusual bias against him. The ALJ, who Claimant references as an ordained minister, questioned Claimant's abusing of marijuana when nothing in the record indicated Claimant had ever done so or been medically determined to have engaged in such conduct. The ALJ also on two occasions in his decision repeated that among Claimant's

8

activities of daily living was the statement that Claimant "spend (sic) a lot of time with his girlfriend having sex." (Tr. 9, 11). This Court agrees with Claimant that the repeated reference to this activity is somewhat curious and of dubious relevance. Moreover, the ALJ's questioning as to Claimant's marijuana use when the same was not an issue in the case demonstrates questionable judgment and a certain degree of unwarranted judicial paternalism. The conduct does not, however, necessarily demonstrate that the ALJ is biased against this Claimant and does not alone warrant reversal.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 28th day of February, 2013.

                                            */s/ Kimberly E. West*
                                            KIMBERLY E. WEST
                                            UNITED STATES MAGISTRATE JUDGE